**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC, et al., ) | No.  CV-20-02091-PHX-SPL |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| BPI Sports LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court are the following motions and requests:

1. Defendant's Motion to Dismiss filed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6) (Doc. 29);

2. Defendant's Request for Judicial Notice Re: Motion to Dismiss (Doc. 31);

3. Defendant's Objection to Declaration of Ronald Kramer (Doc. 42);

4. Defendant's Request for Judicial Notice Re: Defendant's Reply in Support of the Motion to Dismiss (Doc. 43);

5. Plaintiffs' Response to: 1) Defendant's Request for Judicial Notice in Support of BPI Sports, LLC's Reply in Support of the Motion to Dismiss Plaintiffs' Complaint, 2) Defendant's Objection to Declaration of Ron Kramer and Plaintiff's Request for Judicial Notice of Arguments Made by BPI in the Florida Litigation (Doc. 44);

6. Defendant's Motion to Strike, Objection, and Response to ThermoLife International, LLC's and Muscle Beach Nutrition, LLC's Response to Plaintiffs' Response to Various Documents and Request for Judicial Notice (Doc. 45).

The Motion to Dismiss and Motion to Strike are fully briefed and ready for review.[1] (Docs. 29, 40, 41, 45, 46) For the following reasons, the Motion to Dismiss will be granted, the Objection is sustained, all Requests for Judicial Notice will be denied, and the Motion to Strike will be denied.[2]

## I.    **BACKGROUND**

This case involves alleged unfair competition and false advertising. Plaintiff ThermoLife International, LLC ("ThermoLife") is an "an Arizona-based company that owns several patents related to the use of amino acids combined with nitrates." *ThermoLife Int'l LLC v. BPI Sports LLC*, No. 2:18-CV-04663-PHX-SPL (Doc. 28) (filed November 19, 2019). Plaintiff Muscle Beach Nutrition, LLC ("Muscle Beach") is a seller of sports nutrition supplement products that rely on ThermoLife's patented technology. (Doc. 1 at ¶9) Defendant BPI Sports, LLC ("BPI Sports") is a "is a market leader in Branch Chain Amino Acid ("BCAA") supplement sales." *See ThermoLife*, No. 2:18-CV-04663-PHX-SPL (Doc. 28). The products at issue are BCAA supplements.

The instant case was transferred from the Southern District of Florida. (Doc. 23) This Court saw a similar case between the same parties in 2018. *ThermoLife*, No. 2:18-CV-04663-PHX-SPL (initial complaint filed December 12, 2018). The case before the Court now is substantially the same, although Muscle Beach has been joined as a Plaintiff. The 2018 Complaint was initially dismissed without prejudice under Rule 12(b)(6) and ThermoLife was given leave to amend the complaint to cure its deficiencies, which were failure to assert a competitive or commercial injury under the Lanham Act. *ThermoLife*,

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] The Court has considered the Motion to Strike. (Doc. 45) Because the Court is ultimately denying Plaintiffs' request for judicial notice, the Court finds striking them to be unnecessary. To the extent Defendants seek to strike Plaintiffs' response to their objection, the court would not have considered the new facts asserted by Ron Kramer anyway. The Motion to Strike is therefore denied on both grounds.

No. CV-18-04663-PHX-SPL, 2019 WL 6135140 at *2 (D. Ariz. Nov. 19, 2019).[3] Plaintiff amended its complaint but later dismissed the case voluntarily. *ThermoLife*, No. CV-18-04663-PHX-SPL (Docs. 31, 42).

Now, ThermoLife has joined Muscle Beach seemingly to cure the defects of the original case. Plaintiffs bring claims for (1) false advertising under the Lanham Act, (2) common law unfair competition, and (3) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 1 ¶¶140–60)

Additionally, Defendant has sued Plaintiffs in the Southern District of Florida. *BPI Sports, LLC v. ThermoLife, et al.*, Case No. 19-cv-60505 (S.D. Fla.) (filed February 26, 2019). In this Court, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), accompanied by two Requests for Judicial Notice and a Motion to Strike. (Docs. 29, 31, 43, 45) Plaintiffs also seek judicial notice of external materials, which will be further outlined below. (Doc. 44) *See infra* Section II.

///

///

---

[3] ThermoLife has filed a number of similar cases in this Court against other Defendants, to varying degrees of success. *See ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 F. App'x 316 (9th Cir. 2020) (upholding this Court's dismissal for lack of personal jurisdiction); *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2020 WL 122874 (D. Ariz. Jan. 10, 2020), *aff'd sub nom. ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, L.L.C.*, 831 F. App'x 325 (9th Cir. 2020) (upholding dismissal for failure to state a claim; attorneys' fees granted on two claims found to be frivolous); *ThermoLife Int'l LLC v. MusclePharm Corp.*, No. CV-19-02440-PHX-SMB, 2020 WL 4016191 (D. Ariz. July 16, 2020) (case dismissed for failure to state a claim with leave to amend, case voluntarily dismissed); *ThermoLife International, LLC v. Aesthetic Distribution, LLC*, Case No. 19-cv-02048 (D. Ariz.) (dismissed for failure to state a claim with leave to amend, case voluntarily dismissed); *ThermoLife Int'l LLC v. Sparta Nutrition LLC*, No. CV-19-01715-PHX-SMB, 2020 WL 248164 (D. Ariz. Jan. 16, 2020) (case dismissed for failure to state a claim with leave to amend, case voluntarily dismissed); *ThermoLife Int'l LLC v. Compound Sols. Inc.*, No. CV-19-01473-PHX-SMM, 2019 WL 5448804 (D. Ariz. July 30, 2019) (case dismissed for lack of standing and failure to state a claim, appeal pending); *Thermolife Int'l, L.L.C. v. NeoGenis Labs, Inc.*, No. 2:18-CV-2980-HRH, 2019 WL 1438293 (D. Ariz. Apr. 1, 2019) (case dismissed for failure to state a claim with leave to amend, case voluntarily dismissed); *see also ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2020 WL 6395442 (D. Ariz. Nov. 2, 2020) (counterclaims and second amended complaint pending); *but see ThermoLife Int'l, LLC v. Gaspari Nutrition Inc.*, 648 F. App'x 609 (9th Cir. 2016) (summary judgment vacated, case remanded).

1
## II.     REQUESTS FOR JUDICIAL NOTICE AND JUDICIAL ESTOPPEL

2
"Under Federal Rule of Evidence 201(b), a judicially noticed fact 'must be one not

3
subject to reasonable dispute in that it is either (1) generally known within the territorial

4
jurisdiction of the trial court or (2) capable of accurate and ready determination by resort

5
to sources whose accuracy cannot reasonably be questioned.'" *Bell Atl. Corp. v. Twombly*,

6
550 U.S. 544, 593, n.11 (2007). "While a court may take judicial notice of a judicial or

7
administrative proceeding which has a *direct relation to the matters at issue*, a court can

8
only take judicial notice of the *existence* of those matters of public record (the existence of

9
a motion or of representations having been made therein) but *not of the veracity of the*

10
*arguments and disputed facts contained therein*." *Wilder v. Bank of Am., N.A. by Merger*

11
*to BAC Home Loans Servicing, LP*, No. CV1400670MMMCWX, 2014 WL 12591934, at

12
*7 (C.D. Cal. June 30, 2014) (citing *United States v. S. California Edison Co.*, 300 F. Supp.

13
2d 964, 974 (E.D. Cal. 2004) (internal quotations omitted)) (emphasis added). Judicial

14
notice of websites is permitted when the "authenticity of a website or the accuracy of the

15
information on the website is not disputed." *Poll v. Stryker Sustainability Sols., Inc.*, No.

16
CIV 13-440-TUC-CKJ, 2014 WL 199150, at *2 (D. Ariz. Jan. 17, 2014). Because of this

17
standard, it is usually government websites that are judicially noticed. *Id.*

18
Judicial notice may be denied when the materials to be noticed will not assist in

19
resolution of the instant motion or when they will not change the court's analysis. *See Santa*

20
*Monica Nativity Scenes Cmte. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir.

21
2015); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014).

22
Defendant asks the Court to take judicial notice of (1) the corporate statements filed

23
by ThermoLife with the California Secretary of State and Arizona Corporation

24
Commission and (2) website printouts of Supplement Facts for two products sold by BPI

25
and two products sold by Muscle Beach. (Docs. 31 at 1–2, 43 at 2)

26
While the Court may take judicial notice of the administrative materials filed with

27
the California Secretary of State and the Arizona Corporation Commission, they do not

28
assist the Court in its decision on the instant motion. Thus, the Court will decline to

judicially notice them as irrelevant. *See Santa Monica Nativity Scenes*, 784 F.3d at 1298 n.6; *Flores*, 758 F.3d at 1159 n.11.

As to the ingredient lists, the Court declines to extend judicial notice because they are from the parties' websites and the facts contained within them are disputed. See *Poll*, 2014 WL 199150, at *2. While the Court could take notice of the fact that the lists were published online, that would not assist in its decision on the instant motion and thus it is irrelevant. *See Santa Monica Nativity Scenes*, 784 F.3d at 1298 n.6; *Flores*, 758 F.3d at 1159 n.11.

Plaintiffs ask the Court to take judicial notice of arguments made by BPI in its Second Amended Complaint in the ongoing Southern District of Florida litigation. (Doc. 44) Defendant filed a Motion to Strike Plaintiffs' request for judicial notice, arguing the request contains improper factual arguments that were untimely raised. (Doc. 45) Plaintiffs appear to seek judicial notice of the Second Amended Complaint so that Defendant can be judicially estopped from arguing in its Motion to Dismiss that BPI is not a direct competitor of ThermoLife and Muscle Beach.

"Judicial estoppel applies when a party's position is 'tantamount to a knowing misrepresentation to or even fraud on the court.'" *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1190 (9th Cir. 2000) (quoting *Johnson v. State of Oregon*, 141 F.3d 1361, 1369 (9th Cir.1998) (internal quotations omitted)). "If a litigant's current position is manifestly inconsistent with a prior position such as to 'amount to an affront to the court, judicial estoppel may apply.'" *Id.* The other factors for determining whether judicial estoppel should apply are: "(1) whether a party's later position is 'clearly inconsistent' with its earlier position; (2) 'whether the party has succeeded in persuading a court to accept that party's earlier position;' and (3) 'whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *EaglePicher Inc. v. Fed. Ins. Co.*, No. CV 04-0870-PHX-MHM, 2007 WL 2265669, at *3 (D. Ariz. Aug. 6, 2007) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

Plaintiffs argue that because BPI filed a Second Amended Complaint against Plaintiffs in the Southern District of Florida that asserts false advertising claims based in part on the parties' status as direct competitors, it cannot argue otherwise in this Court. (Doc. 40 at 3–4) Defendant argues that its statements in the Florida case were about Defendants' other products and not its BCAA products, which are at issue here. (Doc. 41 at 7) Plaintiffs did not fully address the judicial estoppel factors set forth in *New Hampshire v. Maine*, nor the Ninth Circuit factor set forth in *Johnson v. State of Oregon*. Without a proper showing of the factors in support of judicial estoppel application, this Court will not apply it. *See Corridor Capital LLC v. Perla Glob. Capital Advisors, LLC*, No. 15 C 5757, 2016 WL 561915, at \*4 (N.D. Ill. Feb. 12, 2016) ("This Court cannot consider undeveloped arguments, let alone arguments that were not raised: such arguments are waived.") Regardless, the Court does not find Plaintiffs' single argument in favor of estoppel convincing on the merits.

Furthermore, the Second Amended Complaint did not help the Court decide the judicial estoppel issue. Because the Court declined to apply judicial estoppel, the Second Amended Complaint is also unhelpful in analyzing the Motion to Dismiss because the two cases concern different products. Therefore, the request for judicial notice of the Second Amended Complaint is also denied as irrelevant in resolving the instant motion. *See Santa Monica Nativity Scenes*, 784 F.3d at 1298 n.6; *Flores*, 758 F.3d at 1159 n.11.

### III. <u>MOTION TO DISMISS</u>

As an initial matter, the Court will only consider the factual allegations included in the Complaint in its analysis. (Doc. 1) Courts do not consider new allegations plaintiffs try to "sneak" into their responses, whether in the response itself or attached as an exhibit. *See Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 3973697, at \*6 (D. Ariz. Aug. 22, 2019). Plaintiffs argue that the Court must consider the declaration of Ronald Kramer because it contains facts supporting the allegations in the Complaint. (Doc. 44 at 2) In fact, this is exactly why the Court cannot consider it. The facts should have been in the Complaint itself.

When a court considers a motion to dismiss filed pursuant to Rule 12(b)(1) and 12(b)(6), the 12(b)(1) arguments are analyzed first as a threshold issue. *See Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). If the 12(b)(1) standard is not met, the 12(b)(6) analysis is moot. *Id.*

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Id.* "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id.*

Here, Defendant alleges Plaintiffs lack Article III standing. (Doc. 29 at 10) A lack of standing constitutes a lack of subject matter jurisdiction under Rule 12(b)(1). *See Wasson v. Brown*, 316 F. App'x 663, 664 (9th Cir. 2009) (internal citations omitted). "A plaintiff invoking federal jurisdiction bears the burden of establishing the 'irreducible constitutional minimum' of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. ____, 136 S.Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The injury in fact is a violation of a legal interest that cannot be conjectural or hypothetical; it must be "concrete and particularized" and "actual and imminent." *Lujan*, 504 U.S. at 559-60. "A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. ____, 137 S. Ct. 1645, 1650 (2017) (internal quotations omitted). The Court will

conduct the standing analysis for each of Plaintiffs' three claims.

### a. Lanham Act false advertising claim

When a claim is brought under a federal statute, courts must make sure the plaintiff comes within the "zone of interests" protected by that statute, in addition to analyzing Article III standing. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (internal citations omitted). "To come within the zone of interests in a suit for false advertising under [the Lanham Act] a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014). A statutory cause of action is presumed to be limited to plaintiffs whose injuries are "proximately caused by violations of the statute." *Lexmark*, 572 U.S. at 132. A plaintiff suing under the Lanham Act for false advertising "ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133. "That showing is generally not made when the deception produces injuries to a fellow commercial actor that in turn affect the plaintiff." *Id.* at 133–34. When a plaintiff and a defendant are direct competitors there is a presumption of harm; though they do not have to be direct competitors for the plaintiff to be injured. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011), *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2019 WL 3840988, at *6 (D. Ariz. Aug. 15, 2019) (citing *Lexmark*, 572 U.S. at 120–21). To be in direct competition means "[s]ales gained by one are thus likely to come at the other's expense." *Am. Fitness*, 2019 WL 3840988 at *6 (citing *TrafficSchool.com*, 653 F.3d at 826).

Defendant argues it is not Plaintiffs' direct competitor and Plaintiffs have failed to establish commercial injury sufficient to give rise to standing under the Lanham Act. (Doc. 29 at 15–18) Defendant argues that ThermoLife is further up the supply chain and that its customers sell products different from BPI's products because the chemical makeup of the products is distinct. (Doc. 29 at 15) Defendant argues Muscle Beach cannot be a direct

competitor either, because the ingredients in its products at issue differ from the ingredients in Defendant's BCAA products, and that there are no allegations that Defendant "engaged in competitive advertising." (Doc. 29 at 16) Defendant further argues Plaintiffs failed to establish a commercial injury, which is necessary when there is no presumption of harm. *See Lexmark*, 572 U.S. 118, 131–32.

Plaintiffs argue they have established a plausible claim for relief by alleging that BPI's products do not contain the ingredients they are advertised to contain, and that those products directly compete with products sold by ThermoLife licensees and Muscle Beach. (Doc. 40 at 6–11) They further argue that they have sufficiently established direct competition with Defendant because Defendant's products are listed on the same third-party supplement retailer websites as theirs. (Doc. 40 at 12–17) Plaintiffs also state they have established lost sales because of Defendant's advertising and because they provided a customer review stating a preference for Defendant's product. (Doc. 40 at 12–13)

Regardless of the instant products' ingredients, Plaintiffs failed to allege sufficient facts to support the allegation that they are Defendant's direct competitors. Although Plaintiffs did not have to submit "evidence" of the kind that is required at the trial stage, Plaintiffs at least needed to provide a stronger basis than the allegations that Defendant's products are listed on the same sites as theirs. (Doc. 1 at ¶¶109–131) The alleged lost sales are nothing more than bare assertions unsupported by facts. *TrafficSchool.com* provides suggestions of certain evidence (again, not trial evidence) that would be sufficient to establish a "chain of inference" of lost sales, including testimonial and survey data from consumers. 653 F.3d at 825–26. Specifically, the *TrafficSchool.com* plaintiff provided consumer testimony stating that a certain endorsement of a product would lead them to purchase it over another product without the endorsement. *Id.* In other words, the consumer data pertained specifically to the advertising in question. *Id.* Here, Plaintiffs included one (1) Amazon.com review as testimonial evidence. (Doc. 1 at ¶128) The customer comment said BPI product's flavor was better than that of a ThermoLife licensee product. (Doc. 1 at ¶128) A single customer review is not sufficient evidence to show the parties are in direct

competition, especially when the review has nothing to do with the advertising of the product or whether that influenced the customer to buy it. While the Court would accept less than "survey data," it cannot accept one (1) customer's Amazon.com review about flavorings as sufficient evidence to show the kind of 1:1 lost sales contemplated in *Lexmark* and *TrafficSchool.com*. The other evidence offered is a set of screenshots from various supplement websites showing Plaintiffs' and Defendant's products listed on the same page. (Doc. 1 at ¶¶111–113, 121) There is nothing in the photos to suggest Defendant's products are taking sales from Plaintiffs, indeed, Plaintiffs' products are listed first in some of the screenshots. The facts Plaintiffs offer are insufficient to support a finding of direct competition or even a basic showing of sales lost directly to Defendant.

Having found the parties to not be in direct competition, there can be no presumption of injury. *See Am. Fitness,* 2019 WL 3840988 at *6 (citing *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.,* 871 F. Supp. 2d 905, 907 (D. Ariz. 2012), *rev'd in part on other grounds,* 648 Fed. Appx. 609, 616 (9th Cir. 2016). The Court turns now to see whether Plaintiffs independently alleged a sufficient injury-in-fact to confer standing. "In a false advertising suit, a plaintiff establishes an Article III injury if some consumers who bought the defendant's product under a mistaken belief fostered by the defendant would have otherwise bought the plaintiff's product." *TrafficSchool.com*, 653 F.3d at 825. The Court finds Plaintiffs did not establish such an injury. Even taking the facts alleged in the light most favorable to the nonmoving party, the Court cannot find the necessary commercial injury. The fact that the parties' products are sold on the same sites and that one (1) customer prefers the flavor of Defendant's product do not show harm to Plaintiffs. Therefore, Plaintiffs lack standing to bring a Lanham Act unfair competition claim.

### b. Common law unfair competition claim

When analyzing ThermoLife's common law unfair competition claims in other cases, this Court has noted that "claims of unfair competition and false advertising under state statutory and common law are 'substantially congruent' to claims made under the Lanham Act." *See Am. Fitness*, 2019 WL 3840988 at *9 (citing *Cleary v. News Corp.*, 30

F.3d 1255, 1263 (9th Cir. 1994) (internal quotations omitted)); *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. 2:18-CV-2980-HRH, 2019 WL 1438293, at *7 (D. Ariz. Apr. 1, 2019). Thus, the analysis for the Lanham Act false advertising claim also applies to the unfair competition claim. *Am. Fitness*, 2019 WL 3840988 at *9. The unfair competition claim is therefore dismissed for lack of standing due to a failure to assert a commercial injury. *See id.*

### c. Florida Deceptive and Unfair Trade Practices Act violation

A FDUTPA claim requires "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1383 (S.D. Fla. 2014) (internal quotations omitted). To have standing to bring a FDUPTA claim in federal court, a plaintiff must satisfy the Article III standing requirements set forth in *Lujan* and its progeny. *See id.* at 1392. While FDUTPA protects both consumers and "business enterprises," the business enterprise bringing the claim still must assert actual damages caused as a result of a defendant's "unfair" conduct. *Hanson Hams, Inc. v. HBH Franchise Co., LLC*, No. 03-61198CIV, 2004 WL 5470401, at *8 (S.D. Fla. Dec. 21, 2004) (citing Fla. Stat. Ann. § 501.202(2)). *See also Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1018 (M.D. Fla. 2019) (finding plaintiff insurance company had standing when it alleged monetary losses as a result of overages claimed by defendant car repair company). The Court reads its Florida brethren's decisions to mean that a business plaintiff does not have standing to bring suit on behalf of its customers without actual, traceable injury to the business. This reading is consistent with the "concrete injury" requirements of *Lujan*. 504 U.S. at 559-60.

The Complaint alleges that Defendant's "unconscionable, unfair, and deceptive acts or practices" have damaged consumers and customers. (Doc. 1 at ¶160) Defendant argues in the Motion to Dismiss that Plaintiffs have not pled any actual damages to themselves. (Doc. 29 at 18) As discussed previously, the Court failed to find sufficient facts to support the commercial damage allegations. Therefore, the Court finds Plaintiffs lack standing to bring the FDUTPA claim.

1

## IV.   <u>CONCLUSION</u>

2

Because Plaintiffs failed to demonstrate Rule 12(b)(1) standing on all counts, the

3

Court need not address the Rule 12(b)(6) arguments.

4

To summarize the other issues: first, the Court declined to judicially notice (1) the

5

corporate statements filed by ThermoLife with the California Secretary of State and

6

Arizona Corporation Commission, the (2) website printouts of Supplement Facts for two

7

products sold by BPI and two products sold by Muscle Beach, and (3) the arguments made

8

by BPI in the ongoing Southern District of Florida litigation. (Docs. 31 at 1–2, 43 at 2, 44

9

at 5–7) Second, the Court declined to apply judicial estoppel based on BPI's arguments in

10

the Florida litigation. (Doc. 40 at 3–4) Third, the Court will sustain Defendant's objection

11

to the Declaration of Ronald Kramer as far as it pertains to new factual allegations. (Doc.

12

42) Finally, the Court will deny Defendant's Motion to Strike. (Doc. 45)

13

Accordingly,

14

**IT IS ORDERED** that the following requests for judicial notice are **denied:**

15

1.   Defendant's Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's

16

Complaint (Doc. 31);

17

2.   Defendant's Request for Judicial Notice in Support of Defendant BPI Sports, LLC's

18

Reply in Support of Motion to Dismiss Plaintiffs' Complaint (Doc. 43); and

19

3.   Response to 1) Defendants' Request for Judicial Notice in Support of Defendant

20

BPI Sports, LLC's Reply in Support of Motion to Dismiss Plaintiffs' Complaint 2)

21

Defendants' Objection to Declaration of Ron Kramer and Plaintiffs' Request for

22

Judicial Notice of Arguments Made by BPI in the Florida Litigation (Doc. 44).

23

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 45) is

24

**denied**.

25

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 29) filed

26

pursuant to Rules 12(b)(1) and 12(b)(6) is **granted** and Plaintiffs' Complaint is **dismissed**

27

**with prejudice.**

28

*///*

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 19th day of February, 2021.

Honorable Steven P. Logan
United States District Judge