**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THERMOLIFE INTERNATIONAL, LLC; MUSCLE BEACH NUTRITION, LLC,

*Plaintiffs-Appellants*,

v.

BPI SPORTS, LLC,

*Defendant-Appellee*.

No. 23-15903

D.C. No. 2:20-cv-02091-SPL

OPINION

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted March 6, 2025
Las Vegas, Nevada

Filed August 18, 2026

Before: Johnnie B. Rawlinson, Eric D. Miller, & Roopali H. Desai, Circuit Judges

Opinion by Judge Rawlinson;
Dissent by Judge Miller

## SUMMARY*

### Lanham Act / Attorney's Fees

The panel affirmed the district court's award of attorney's fees under the Lanham Act and Federal Rule of Civil Procedure 41(d) to BPI Sports, LLC, and remanded for correction of a computational error in two false advertising cases brought by ThermoLife International, LLC, and Muscle Beach Nutrition, LLC.

The panel held that the district court did not abuse its discretion in concluding that these cases were exceptional, justifying an award of attorney's fees to BPI under the Lanham Act, 15 U.S.C. § 1117(a), because ThermoLife's persistence in litigating against BPI in light of repeated dismissals of the same claims, for the same reasons, against similar defendants illustrated a pattern of pursuing a meritless litigation strategy.

The panel held that BPI could recover attorney's fees as "costs" under Rule 41(d) based on ThermoLife voluntarily dismissing one action, the "2018 Litigation," and then later filing suit in Florida based on the same claims and against the same defendant, the "2020 Litigation." Acknowledging a circuit split, and finding persuasive a concurring opinion in *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538 (9th Cir. 2022), the panel held that attorney's fees may be recovered as part of costs under Rule 41(d) if the statute underlying the litigation provides for the award of attorney's fees. Because the Lanham Act provides for such an award, the panel

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

affirmed the award of attorney's fees to BPI as part of "costs" under Rule 41(d).

The panel remanded to the district court for the limited purpose of correcting a fee calculation. The panel concluded that the district court did not otherwise abuse its discretion in the amount of fees awarded to BPI.

Dissenting, Judge Miller wrote that the district court awarded BPI not only its attorney's fees in the 2020 Litigation but also the fees it incurred in the 2018 Litigation, a separate case not before the court. Because no statute or rule authorizes a district court hearing one case to award fees for a different case, Judge Miller would vacate the district court's order and remand with instructions to limit the fee award.

---

## COUNSEL

Matthew J. Dowd (argued), Dowd Scheffel PLLC, Washington, D.C., for Plaintiffs-Appellants.

Robert F. Parsley (argued) and Meredith C. Lee, Miller & Martin PLLC, Chattanooga, Tennessee, for Defendant-Appellee.

## OPINION

RAWLINSON, Circuit Judge:

ThermoLife International, LLC (ThermoLife) and Muscle Beach Nutrition, LLC (Muscle Beach) (collectively, ThermoLife) appeal the district court's award of $486,207 in attorney's fees to BPI Sports, LLC (BPI) in two separate cases. Because the district court did not abuse its discretion in concluding that this case was exceptional under the Lanham Act, and because we conclude that BPI could recover fees as "costs" under Rule 41(d) of the Federal Rules of Civil Procedure, we affirm. We remand for the limited purpose of correcting the computational error and modifying the fee award from $486,207 to $454,339.

### I. BACKGROUND

ThermoLife holds a number of patents for various amino acid and nitrate compounds. ThermoLife licenses the use of its patented compounds and sells nitrate-based ingredients to distributors of dietary supplement products. Muscle Beach is a licensee of ThermoLife's patented nitrate technology and sells products incorporating that technology.

ThermoLife alleged that BPI, a distributor in the sports nutrition market, misbranded and falsely advertised certain products that it sells in competition with ThermoLife for the same customer base.

ThermoLife filed its initial action against BPI on December 12, 2018 (the 2018 Litigation) in the United States District Court for the District of Arizona, alleging false advertising under the Lanham Act, common law unfair competition, and civil conspiracy. The 2018 Litigation was one of eight lawsuits filed by ThermoLife between

September 2018 and April 2019 against distributors of sports and nutrition supplements in the District of Arizona.[1] Each of these lawsuits alleged false advertising under the Lanham Act, among other claims. BPI filed a motion to dismiss the 2018 Litigation, which the district court granted without prejudice on November 19, 2019.

The dismissal of ThermoLife's 2018 Litigation was one of a series of dismissals of the actions filed in the District of Arizona for failure to assert a competitive or commercial injury in the context of claims for false marking, false advertising, and unfair competition. *See*, *e.g.*, *NeoGenis*

---

[1] (1) *ThermoLife Int'l, L.L.C. v. NeoGenis Labs, Inc.*, No. 2:18-CV-2980-HRH, 2019 WL 1438293 (D. Ariz. Apr. 1, 2019) (filed September 20, 2018).
(2) *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2019 WL 3840988 (D. Ariz. Aug. 15, 2019) (filed November 21, 2018).
(3) *ThermoLife Int'l LLC v. NetNutri.com LLC*, No. CV-18-04248-PHX-JJT, 2019 WL 3220547 (D. Ariz. July 17, 2019), *aff'd*, 813 F. App'x 316 (9th Cir. 2020) (filed November 28, 2018).
(4) *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-18-04663-PHX-SPL, 2019 WL 6135140 (D. Ariz. Nov. 19, 2019) (filed December 12, 2018).
(5) *ThermoLife Int'l LLC v. Compound Sols. Inc.*, No. CV-19-01473-PHX-SMM, 2019 WL 5448804 (D. Ariz. July 30, 2019) (filed March 4, 2019), *aff'd in part, rev'd in part and remanded*, 848 F. App'x 706 (9th Cir. 2021).
(6) *ThermoLife Int'l LLC v. Sparta Nutrition LLC*, No. CV-19-01715-PHX-SMB, 2020 WL 248164 (D. Ariz. Jan. 16, 2020) (filed March 13, 2019).
(7) *ThermoLife Int'l LLC v. Aesthetic Distrib., LLC*, No. CV-19-02048-PHX-DJH, 2020 WL 12581996 (D. Ariz. Jan. 7, 2020) (filed March 27, 2019).
(8) *ThermoLife Int'l LLC v. MusclePharm Corp.*, No. CV-19-02440-PHX-SMB, 2020 WL 4016191 (D. Ariz. July 16, 2020) (filed April 16, 2019).

*Labs*, 2019 WL 1438293, at *7; *Compound Solutions*, 2019 WL 5448804, at *4–5; *Am. Fitness Wholesalers*, 2019 WL 3840988, at *7-9. Nonetheless, on December 19, 2019, ThermoLife filed an amended complaint in the 2018 Litigation.

As ThermoLife was litigating its various cases in Arizona, BPI commenced a separate action against ThermoLife in the Southern District of Florida on February 26, 2019 (the 2019 Litigation). In May 2019, ThermoLife filed an alternative motion to transfer the 2019 Litigation to the District of Arizona. The Florida district court denied ThermoLife's motion to transfer the 2019 Litigation, because the cases presented different legal and factual issues.

In January 2020, three more of ThermoLife's cases in the District of Arizona—all alleging nearly identical claims against sports supplement distributors—were dismissed within ten days of each other. *See Aesthetic Distrib.,* 2020 WL 12581996, at *4–6 (dismissal with leave to amend); *Am. Fitness Wholesalers,* 2020 WL 122874, at *3 (dismissal with prejudice); *Sparta Nutrition,* 2020 WL 248164, at *7–11 (dismissal with leave to amend). Again, each case was dismissed for the same reason: failure to allege direct competition or commercial injury.

Four days before ThermoLife's deadline to respond to BPI's second motion to dismiss the 2018 Litigation, ThermoLife requested that BPI consent to transfer the 2018 Litigation to the Southern District of Florida. After BPI rejected this request, ThermoLife voluntarily dismissed the 2018 Litigation the following day.

On July 8, 2020, ThermoLife filed a complaint against BPI in the Southern District of Florida (the 2020 Litigation).

ThermoLife alleged nearly identical claims as those in the 2018 Litigation, including false advertising under the Lanham Act and common law unfair competition. BPI filed a motion to transfer the 2020 Litigation from Florida to Arizona, and the motion was granted. Once the 2020 Litigation was transferred from the Southern District of Florida to the District of Arizona, BPI filed a motion to dismiss the complaint. The district court granted BPI's motion to dismiss the 2020 Litigation with prejudice, and ThermoLife appealed to this court. A prior panel disagreed with the district court's determination on Article III standing, but affirmed the district court's dismissal on the merits, because ThermoLife failed to establish direct competition with BPI, and because ThermoLife failed to allege a competitive or commercial injury. *See ThermoLife Int'l, LLC v. BPI Sports, LLC*, No. 21-15339, 2022 WL 612669, at *1-3 (9th Cir. Mar. 2, 2022).

After the appeal, BPI filed a motion for attorney's fees and costs incurred in both the 2018 Litigation and the 2020 Litigation. The district court first entered an order awarding attorney's fees to BPI for both the 2018 Litigation and the 2020 Litigation (Fee Award), and subsequently entered an order calculating the amount of fees awarded (Fee Calculation).

In its Fee Award, the district court held that BPI was entitled to attorney's fees and costs under the Lanham Act. The district court explained that this case was "exceptional" under the Lanham Act because ThermoLife engaged in "strategic maneuvering . . . that strongly suggests forum shopping," and repeatedly and knowingly asserted meritless claims against BPI. The district court reasoned that an award of fees and costs to BPI would deter ThermoLife from

pursuing similarly meritless unfair competition and false advertising claims in the future.

In addition, the district court determined that ThermoLife's claims were frivolous, vexatious, and unreasonable because ThermoLife had no reasonable or legal basis to believe that its claims would succeed. The district court noted that its dismissal of ThermoLife's claims was "merely the latest in a series of decisions in this District—all occurring during the course of ThermoLife's litigation with BPI—dismissing unfair competition and false advertising claims brought by ThermoLife against other defendants for the exact same reason." The district court determined that "[t]here is a difference between a zealous and passionate pursuit of claims that a party reasonably believes have merit, and a vexatious and harassing pursuit of claims that a party has repeatedly filed against the same types of defendants only to see those claims repeatedly dismissed for having the same deficiencies."

The district court also held that BPI was entitled to fees and costs under Rule 41(d), "given that ThermoLife dismissed [the 2018 Litigation] and then filed [the 2020 Litigation in the Southern District of Florida] based on the same claims [and] against [BPI,] the same defendant."

BPI sought $530,332.67 in attorney's fees, and the district court ultimately awarded $486,207 in attorney's fees to BPI. Appellants timely appealed both the district court's Fee Award Order and the Fee Calculation Order.

## II. STANDARDS OF REVIEW

"A district court's award of attorney fees is generally subject to an abuse of discretion standard of review on appeal. . . ." *G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, 126

F.4th 1367, 1374 (9th Cir. 2025) (citation omitted). "However, whether the term 'costs' includes attorney's fees is a question of law that the court reviews de novo." *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 542 (9th Cir. 2022) (citation omitted). "The decision to award attorneys' fees under the Lanham Act is reviewed for abuse of discretion." *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1212 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 550 (2024) (citation omitted).

## III. DISCUSSION

### A. Attorney's Fees Under the Lanham Act

Under the Lanham Act, the court may award reasonable attorney's fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a).

> A court determines if a case is exceptional by considering the totality of the circumstances and evaluating whether the case is one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated based on a preponderance of the evidence.

*Jason Scott Collection*, 68 F.4th at 1223 (citation and internal quotation marks omitted). To make this determination, courts have identified "a nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam) (citation and internal quotation marks omitted). The "burden of proof for fee entitlement [is] the preponderance of the evidence standard." *Id.* (citation omitted).

The district court did not abuse its discretion in concluding that this was an exceptional case justifying an award of attorney's fees to BPI. *See Jason Scott Collection*, 68 F.4th at 1223. The context of ThermoLife's decision to voluntarily dismiss its claims against BPI in the 2018 Litigation and refile claims against BPI in Florida in the 2020 Litigation supports the district court's conclusion that ThermoLife engaged in "strategic maneuvering . . . that strongly suggests forum shopping." ThermoLife litigated against BPI in Arizona for over a year. While the 2018 Litigation was pending in Arizona, BPI filed its own action against ThermoLife in Florida. ThermoLife filed a motion to transfer BPI's Florida action to Arizona, its self-professed "home forum." *BPI Sports, LLC v. ThermoLife Int'l LLC*, No. 19-60505-CIV-SMITH, 2020 WL 10180910, at *4 (S.D. Fla. Jan. 9, 2020).

In January 2020, ThermoLife experienced dismissal of three of its nearly identical actions in Arizona against other sports supplement manufacturers. Although BPI's motion to dismiss ThermoLife's Second Amended Complaint in the 2018 Litigation was pending in January 2020, ThermoLife did not wait for the district court to rule on that motion. Instead, it voluntarily dismissed the 2018 Litigation in February 2020. Approximately four months later, ThermoLife refiled virtually identical claims against BPI in the Southern District of Florida. This timing and sequence of events support the district court's conclusion that ThermoLife engaged in litigation behavior "that strongly

suggests forum shopping." *See Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1190 (9th Cir. 2024) (noting that "any indication that a party sought to manipulate the litigation or behaved vexatiously to wind up in the forum of its choosing supports a finding of forum shopping") (citation and internal quotation marks omitted).

As the district court found, ThermoLife persistently litigated claims against BPI that it knew were meritless. *See SunEarth*, 839 F.3d at 1180-81 (identifying "frivolousness" and "objective unreasonableness" as factors to consider in determining whether a case is "exceptional" under the Lanham Act). The district court also noted the previous dismissals of similar cases filed by ThermoLife in the District of Arizona. Each of these cases was dismissed for the exact same reasons: failure to allege facts supporting a competitive or commercial injury for the purposes of false advertising or unfair competition.

As the district court emphasized, the 2020 Litigation against BPI was the third complaint it had filed against BPI, yet ThermoLife nevertheless failed to allege sufficient facts to demonstrate direct competition or injury. ThermoLife's persistence in litigating against BPI in light of the repeated dismissals of its same claims, for the same reasons, against similar defendants illustrated a pattern of pursuing a meritless litigation strategy. Thus, the district court did not abuse its discretion by concluding that this is an exceptional case justifying an award of fees to BPI under the Lanham Act. *See id.* at 1181; *see also Highmark, Inc. v. Allcare Health Mgmt. Sys. Inc.*, 572 U.S. 559, 563 (2014).

**B. Attorney's Fees Under Rule 41(d)**

In addition to awarding BPI fees under the Lanham Act, the district court also awarded BPI attorney's fees under

Rule 41(d). The district court concluded that Rule 41(d) is applicable because ThermoLife voluntarily dismissed the 2018 Litigation and subsequently filed suit in Florida based on the same claims and against the same defendant, which is the "procedural scenario" contemplated by the rule.

When a plaintiff has voluntarily dismissed a case and later files a case asserting the same claim against the same defendant, a district court may order the plaintiff to pay the "costs" of the voluntarily dismissed case. Fed. R. Civ. P. 41(d).[2] Neither the rule nor the Advisory Committee Notes define "costs," and a circuit split has emerged as to whether attorney's fees may be awarded as costs under Rule 41(d)(2).

In *Moskowitz*, we held that attorney's fees may not be awarded under Rule 41(d) as a matter of right. *See* 37 F.4th at 545. However, we left open two questions: (1) whether attorney's fees are available as "costs" under Rule 41(d) if the underlying statute provides for the award of attorney's fees, and (2) whether a showing of bad faith "is sufficient to allow a party to recover attorney's fees as 'costs' under Rule 41(d)." *Id.* at 546 (internal quotation marks omitted).

In her concurrence, Judge Wardlaw addressed both questions, concluding that attorney's fees are available as "costs" under Rule 41(d) "where the underlying statute that is the basis of the original action" provides for attorney's fees, or when a "court finds that a plaintiff acted in bad

---

[2] Rule 41(d) provides in pertinent part:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> may order the plaintiff to pay all or part of the costs of that previous action . . .

faith." *Id.* at 546 (Wardlaw, J., concurring) (citations and internal quotation marks omitted). Judge Wardlaw noted that when considering an award of attorney's fees, the starting point is "the bedrock principle known as the American Rule: [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Id.* at 547 (citations and internal quotation marks omitted).

"To determine whether Congress intended to depart from the American Rule presumption, the Court first looks to the language of the section at issue." *Id.* (citation, alteration and internal quotation marks omitted). Although "the absence of a specific reference to attorney's fees is not dispositive, Congress must provide a sufficiently specific and explicit indication of its intent to overcome the American Rule's presumption against fee shifting." *Id.* (citation, alterations, and internal quotation marks omitted).

Judge Wardlaw acknowledged that the text of Rule 41(d) "does not clearly demonstrate a departure from the American Rule." *Id.* (citations omitted). However, Judge Wardlaw noted that the "inquiry does not end" with the text of Rule 41(d) alone. *Id.* She referenced *Marek v. Chesny*, 473 U.S. 1 (1985). In that case, the United States Supreme Court addressed whether attorney's fees could be awarded as "costs" under Rule 68 of the Federal Rules of Civil Procedure, which similarly provides for an award of "costs" without defining the term. *Moskowitz,* 37 F.4th at 547-48 (citing *Marek*, 473 U.S. at 8-9).

The Supreme Court "noted that the drafters of Rule 68 were fully aware of the exceptions to the American Rule that allowed courts to award attorney's fees as part of 'costs' in some cases." *Id.* at 548 (quoting *Marek*, 473 U.S. at 8) (citation and alteration omitted). It also looked beyond the

text of Rule 68 to the Advisory Committee Note to Rule 54(d), which "contains an extensive list of the federal statutes which allowed for costs in particular cases," including "no fewer than 11 [that] allowed for attorney's fees as part of 'costs.'" *Id.* at 8. The Supreme Court concluded that "given the importance of 'costs' to [Rule 68], it is very unlikely that this omission was mere oversight; on the contrary, the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9.

Judge Wardlaw also compared the pre-2007 amendment version of Rule 41(d) with the amended version. *See Moskowitz*, 37 F.4th at 548. The pre-amendment version of Rule 41(d) provided that "the court may make such order for the payment of costs of the action previously dismissed as it may deem proper." *Id.* (quoting Fed. R. Civ. P. 41(d) (1991)). The amended version eliminated the language "as it may deem proper," but retained "the discretionary 'may' language and [made] explicit that the court may order 'all or part of' the costs of the previously dismissed action." *Id.* Judge Wardlaw reasoned that "Congress's intentional inclusion of this discretionary language sufficiently demonstrates the specific and explicit intent to overcome the typical American Rule." *Id.* at 549 (citation and internal quotation marks omitted).

Finally, Judge Wardlaw compared Rule 41(d) to Rule 41(a)(2).[3] She acknowledged that Rule 41(a)(2) does not

---

[3] Rule 41(a)(2) provides in pertinent part:

> "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court

mention costs or attorney's fees, but "speaks only of 'conditions that a court may impose as it deems proper.'" *Id.* at 549-50 (citations omitted). Nevertheless, we have "consistently interpreted that provision to permit a federal court to impose a requirement of payment of a defendants' attorneys' fees as a condition to voluntary dismissal." *Id.* (citations omitted). Judge Wardlaw observed that an "illogical inconsistency" would exist if "a court has discretion to condition Rule 41(a)(2) voluntary dismissal . . . on payment of attorneys' fees," but lacks that discretion for a "Rule 41(a)(1) dismissal in a previous case." *Id.* at 550 (citation omitted). She concluded that "[a]ny interpretation of Rule 41(d) excluding attorney's fees would therefore be in plain tension, or even outright conflict, with our longstanding precedent about the availability of attorney's fees under Rule 41(a)(2)." *Id.* And a "review of the text and history of Rule 41(d) evinces a sufficiently specific and explicit intent by Congress to provide courts with the discretion to depart from the American Rule and include attorney's fees as a part of an award of costs under Rule 41(d)." *Id.* at 547 (internal quotation marks omitted).

Our sister circuits have taken varying approaches to analyzing this issue, and reached varying results.

In 1980, the Eighth Circuit addressed "whether the district court abused its discretion in awarding . . . attorney fees to defendant-appellee pursuant to Fed. R. Civ. P. 41(a)(2) and (d) when plaintiff-appellant filed a voluntary dismissal without prejudice of her tort action." *Evans v. Safeway Stores, Inc.*, 623 F.2d 121 (8th Cir. 1980) (per curiam). Without conducting any analysis, the Eighth

---

order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Circuit concluded that the district court did not abuse its discretion in awarding attorneys' fees under Rule 41(d). *See id.* at 122.

Twenty years later, the Seventh Circuit addressed this issue in *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000). *Esposito* involved a "civil rights action brought pursuant to 42 U.S.C. § 1983." *Id.* at 498. In his first action, the plaintiff voluntarily dismissed one of the defendants. *See id.* When the plaintiff filed a subsequent action against several defendants, including the one dismissed from the previous action, that defendant "moved pursuant to Rule 41(d) for reimbursement of costs incurred in defending the first complaint." *Id.* The defendant's bill of costs included attorney's fees, which were awarded by the court. *See id.* at 499.

As with Judge Wardlaw's concurrence in *Moskowitz*, the Seventh Circuit relied on the Supreme Court's analysis in *Marek*. The Seventh Circuit decision similarly noted that "[l]ike Rule 68, Rule 41(d) refers to 'costs,' but fails to define the term." *Id.* at 501. The Seventh Circuit further noted that "neither the rule nor the Advisory Committee Notes address the question of whether attorneys' fees may be included in an award of costs." *Id.* The Seventh Circuit reasoned that "[b]ecause Rule 41(d) does not refer to costs any differently than does 28 U.S.C. § 1920, which provides the statutory specification of allowable costs, fees may be included as costs only where the underlying statute so provides." *Id.* The Seventh Circuit then held that, "consistent with *Marek*," attorney's fees may be awarded "as part of . . . 'costs' under Rule 41(d) only where the underlying statute defines costs to include attorneys' fees." *Id.* Stated differently, "attorneys' fees are not a recoverable cost of litigation under Rule 41(d) unless the substantive

statute which formed the basis of the original suit allows for the recovery of such fees as costs."[4] *Id.*

In *Andrews v. America's Living Centers, LLC*, 827 F.3d 306 (4th Cir. 2016), the Fourth Circuit adopted the reasoning of the Seventh Circuit, holding that "a district court may award attorneys' fees under [Rule 41(d)] only where the underlying statute provides for attorneys' fees." 827 F.3d 306, 311 (4th Cir. 2016). However, the Fourth Circuit went further, concluding that attorneys' fees may also be awarded under Rule 41(d) in the discretion of the court when the court "makes a specific finding that the plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[5] *Id.* at 311 (citations and internal quotation marks omitted).

In *Portillo v. Cunningham*, the Fifth Circuit stated that it "adopt[ed] the position of the Seventh and Fourth Circuits." 872 F.3d 728, 739 (5th Cir. 2017). The Fifth Circuit reiterated its reasoning comparing Rule 41(d) to Rule 68. *See id.* The Fifth Circuit agreed that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs awardable under the relevant substantive statute." *Id.* (quoting *Marek*, 473 U.S. at 9). The Fifth Circuit did not adopt the Fourth Circuit's expansion of attorney's fees under Rule 41(d) based on bad faith or vexatious conduct. *See id.* at 740 n.29.

---

[4] In the same year, the Tenth Circuit in an unpublished disposition held, without analysis, that "[u]nder the language of Rule 41(d), the decision whether to impose costs and attorney's fees is within the discretion of the trial court." *Meredith v. Stovall*, 216 F.3d 1087 at *1 (10th Cir. 2000).

[5] In her *Moskowitz* concurrence, Judge Wardlaw agreed with this broadening of the availability of attorney's fees under Rule 41(d). *See* 37 F.4th at 551.

The Third Circuit addressed this issue in *Garza v. Citigroup*, 881 F.3d 277 (3d Cir. 2018). The Third Circuit was persuaded by the reasoning "set forth by the Seventh Circuit . . . in *Esposito* and followed by the Fourth Circuit . . . in *Andrews*." *Id.* at 282. Consistent with these rulings, the Third Circuit held that "'costs' in Rule 41(d) includes attorneys' fees only where the underlying statute defines 'costs' to include attorneys' fees."' *Id.* at 284 (quoting *Marek*, 473 U.S. at 9). The Third Circuit did not follow that portion of the Fourth Circuit decision that extended the availability of attorney's fees under Rule 41(d) based on a finding of bad faith or vexatiousness. *See id.*

In *Horowitz v. 148 S. Emerson Assocs. LLC*, the Second Circuit "agree[d] with the outcomes arrived at by the Eighth and Tenth Circuits: district courts may award attorneys' fees as part of costs under Rule 41(d)." 888 F.3d 13, 24 (2d Cir. 2018). The Second Circuit did not adopt the approach taken by the Third, Fourth, Fifth and Seventh Circuits that condition the award of attorneys' fees as costs upon the "statute serving as the basis for the original suit itself allow[ing] for attorneys' fees." *Id.*

Finally, the Sixth Circuit in *Rogers v. Wal-Mart Stores, Inc.*, held that "attorney fees are not available under Rule 41(d)." 230 F.3d 868, 874 (6th Cir. 2000). The Sixth Circuit explained that its "reason[ing] is simple—the rule does not explicitly provide for them. Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing." *Id.* The Sixth Circuit further noted that "the law generally recognizes a difference between the terms 'costs' and 'attorney fees' and we have no desire to conflate the two terms." *Id.* Instead, the Sixth Circuit "assume[d] that Congress was aware of the

distinction and was careful with its words when it approved Rule 41(d)." *Id.*

So, to summarize: The Third, Fourth, Fifth and Seventh Circuits have ruled that attorney's fees are available as part of costs under Rule 41(d) when the underlying statute on which the litigation is based provides for the award of attorney's fees. *See Garza*, 881 F.3d at 284; *Andrews*, 827 F.3d at 311; *Portillo*, 872 F.3d at 739; and *Esposito*, 223 F.3d at 498.[6, 7]

The Second, Eighth, and Tenth Circuit have ruled that attorney's fees are available as part of costs under Rule 41(d) in the discretion of the court. *See Horowitz*, 888 F.3d at 24; *Evans*, 623 F.2d at 122; and *Meredith*, 216 F.3d at *1.

The Sixth Circuit stands alone in holding that attorney's fees are not recoverable as costs under Rule 41(d). *See Rogers*, 230 F.3d at 874.

We are persuaded by the analysis in Judge Wardlaw's *Moskowitz* concurrence, which was most consistent with the analysis of Rule 41(d) reflected in the decisions from the Fourth and Fifth Circuits. These decisions followed the reasoning of *Marek* in concluding that attorneys' fees may be awarded as part of costs if the statute underlying the

[6] Only the Fourth Circuit extended the availability of attorney's fees under Rule 41(d) if bad faith or vexatiousness conduct is established. *See Andrews*, 827 F.3d at 311. In her *Moskowitz* concurrence, Judge Wardlaw also espoused this extension. *See* 37 F.4th at 546.

[7] The Third and Seventh Circuits largely follow the reasoning of *Marek* and the Fourth and Fifth Circuits. However, they require that the underlying statute specifically include attorney's fees as costs. *See Garza*, 881 F.3d at 284; *Esposito*, 223 F.3d at 501. We are persuaded that the reasoning of the Fourth and Fifth Circuits more closely tracks the *Marek* analysis.

litigation provides for the award of attorneys' fees. As a matter of first impression in this circuit, we now join our sister circuits in holding that attorney's fees may be recovered as part of costs under Rule 41(d) if the statute underlying the litigation provides for the award of attorneys' fees.[8]

Because it is not necessary to do so in this case, we decline to address whether attorney's fees may be available if a "court finds that a plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Moskowitz*, 37 F.4th at 546 (citations and internal quotation marks omitted).

The underlying statute in this case, the Lanham Act, provides for the award of "reasonable attorney fees to the prevailing party" in exceptional cases. 15 U.S.C. § 1117(a). Therefore, under the reasoning of *Marek*, and the persuasive authority from our sister circuits, we affirm the district court's award of attorneys' fees to BPI as part of "costs" under Rule 41(d).

### C. Calculation of Fees

District courts have "broad discretion in calculating attorneys' fees." *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024) (citation omitted). We review fee awards for an abuse of discretion and "affirm unless the district court

[8] Our colleague in dissent would adhere strictly to the American rule. *See Dissenting Opinion*, pp. 23-24. However, we agree with our concurring colleague's conclusion in *Moskowitz* that "the overwhelming weight of authority from Rule 41(d)'s text to its history to our precedent, suggests that attorney's fees are available as part of an award of costs under Rule 41(d) *where the underlying original action provides for an award of fees*." 37 F.4th at 551 (emphasis added). We are also persuaded by our sister circuits' interpretation of Rule 41(d).

applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Id.* (citation omitted). "[T]he district court must give some concise but *clear* explanation of how it came up with the amount." *Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020) (citation and internal quotation marks omitted) (emphasis in the original).

The parties agree that the district court made a computational error in its award of fees. The district court reduced Venable's fees by $31,868 but omitted that reduction in its final calculation of the fee award. When that reduction is included, the correct fee amount is $454,339. Accordingly, we remand to the district court for the limited purpose of correcting the fee calculation, and reducing the fee award to $454,339. We conclude that the district court did not otherwise abuse its discretion in the amount of fees awarded to BPI. *See G.P.P*, 126 F.4th at 1374 (citation omitted).

## IV. CONCLUSION

We affirm the district court's conclusion that this is an exceptional case under the Lanham Act justifying an award of attorney's fees to BPI for the 2020 Litigation. We hold that Rule 41(d) permits a district court to award attorney's fees as "costs" where, as here, the underlying statute provides for an award of fees. Thus, because the Laham Act provides for an award of attorney's fees, we also affirm the district court's award of fees under Rule 41(d) for the 2018 Litigation. We remand for the limited purpose of correcting the computational error and modifying the fee award from $486,207 to $454,339.

**AFFIRMED in part and REMANDED in part. Costs awarded to BPI Sports.**

MILLER, Circuit Judge, dissenting:

The district court awarded BPI not only its attorney's fees in this case but also the fees it incurred in a separate case not before the court. Because no statute or rule authorizes a district court hearing one case to award fees for a different case, I would vacate the district court's order.

In 2018, ThermoLife sued BPI in the District of Arizona for false advertising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. BPI successfully moved to dismiss, and ThermoLife filed an amended complaint. While BPI's second motion to dismiss was pending, ThermoLife voluntarily dismissed the case. Then, in 2020, Thermolife filed a similar complaint in the Southern District of Florida. BPI successfully moved to transfer that case to the District of Arizona and later moved to dismiss it. The district court in Arizona granted the motion to dismiss with prejudice. ThermoLife appealed, and we affirmed because ThermoLife did not "plead[] sufficient facts to satisfy the elements of a cause of action under the Lanham Act." *ThermoLife Int'l, LLC v. BPI Sports, LLC*, No. 21-15339, 2022 WL 612669, at *1 (9th Cir. Mar. 2, 2022). On remand, BPI moved for attorney's fees incurred in both the 2018 and the 2020 cases. The district court granted BPI's motion.

The district court based its order in part on the Lanham Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The district court found that Thermolife engaged in the "vexatious and harassing pursuit of claims that [it had] repeatedly filed against the same types of defendants only to see those claims repeatedly dismissed for having the same deficiencies." Based on that finding, the district court determined that this was an exceptional case

justifying an award of fees. We review that determination for an abuse of discretion. *See Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1212 (9th Cir. 2023). I agree that the district court did not abuse its discretion in determining that the case before it was exceptional.

But the Lanham Act permits an award of fees only for the case before the court, not for other cases a party may have brought. Recognizing that limitation, the district court held that the Lanham Act "entitled [BPI] to an award of costs and fees incurred in litigating *this* action"—that is, the 2020 case. (emphasis added).

In awarding BPI fees for the 2018 case as well, the district court invoked Federal Rule of Civil Procedure 41(d), which provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the *costs* of that previous action." (emphasis added). The district court concluded that "costs" in Rule 41(d) includes attorney's fees. I disagree.

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). So well-established is that principle that it has come to be known as the "American Rule." *Id.* Legislating with the American Rule in mind, Congress has not "extended any roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted." *Id.* at 260. Thus, although various statutes and rules allow for the award of "costs," the Supreme Court explained in *Marek v. Chesny* that at the time

the Federal Rules of Civil Procedure were adopted, "'costs' generally had not included attorney's fees." 473 U.S. 1, 8 (1985). For that reason, we have held that "costs" in Rule 41(d) does not include attorney's fees as a matter of right. *Moskowitz v. American Sav. Bank, F.S.B.*, 37 F.4th 538, 545 (9th Cir. 2022).

Today, the court holds "that attorney's fees may be awarded as part of costs under Rule 41(d) if the statute underlying the litigation provides for the award of attorney's fees." But the Supreme Court's decision in *Marek* counsels otherwise. There, the Supreme Court addressed "whether the term 'costs' in [Federal Rule of Civil Procedure] 68 includes attorney's fees awardable under 42 U.S.C. § 1988." 473 U.S. at 7. After articulating the American Rule and surveying the various statutory exceptions to that rule, the Court explained that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9. Thus, "where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." *Id.* Because section 1988 expressly defines "costs" to include attorney's fees, the Court held that the latter are recoverable as part of the "costs" allowed by Rule 68. *Id.*

The Lanham Act, unlike section 1988, does *not* define "costs" to include attorney's fees. *See* 15 U.S.C. § 1117. Instead, it provides an entitlement to costs ("the plaintiff shall be entitled . . . to recover . . . the costs of the action") and, separately, permits the award of fees ("[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party"). *Id.* § 1117(a). It follows that there is no textual basis to interpret "costs" in Rule 41(d) as incorporating fees in this context.

This understanding of Rule 41(d) is the same as that adopted by the Third and Seventh Circuits. *See Garza v. Citigroup Inc.*, 881 F.3d 277, 279 (3d Cir. 2018); *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000). It is also the same as that of the Fifth Circuit, despite the contrary assertion of the court today. *See Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017) ("Fee awards are permitted under Rule 41(d) only if the underlying statute defines 'costs' to include fees."). And, at least in this case, it is consistent with that of the Sixth Circuit, which has adopted a more restrictive position prohibiting any fee awards under Rule 41(d). *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

Writing separately in *Moskowitz*, Judge Wardlaw argued that holding that costs do not include fees (unless the underlying statute defines costs to include fees) would create an incongruity in Rule 41. 37 F.4th at 550 (Wardlaw, J., concurring in part and dissenting in part) (citing *Esquivel v. Arau*, 913 F. Supp. 1382, 1390 (C.D. Cal. 1996)). That is because Rule 41(a)(2) permits a district court to condition a voluntary dismissal "on terms that the court considers proper," and we have held that one of those permissible terms is the payment of attorney's fees to the defendant. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1286 (9th Cir. 2023). It would make no sense, the argument goes, for the district court to be able to condition dismissal on the payment of attorney's fees, but not to actually award those attorney's fees under Rule 41(d). The problem with that argument is that Rule 41(a)(2) and Rule 41(d) refer to two different cases—and thus two different sets of fees and costs. The former refers to the attorney's fees generated in the action presently being dismissed. Fed. R. Civ. P. 41(a)(2). The latter refers to costs generated in a *previous* lawsuit

"based on or including the same claim against the same defendant" that was *previously* dismissed. Fed. R. Civ. P. 41(d). No "illogical inconsistency," *see Moskowitz*, 37 F.4th at 550 (Wardlaw, J., concurring in part and dissenting in part), is created by permitting the district court to require a dismissing plaintiff to pay attorney's fees in the present case but prohibiting the district court from requiring the plaintiff to pay attorney's fees in a different case.

Emphasizing that Rule 41(d) originally gave courts discretion to award costs "as [they] may deem proper," Judge Wardlaw reasoned that this discretion-conferring language "supports a court's right to award attorney's fees if such an award was 'proper' to disincentivize the conduct of vexatious litigants." *Moskowitz*, 37 F.4th at 549 (Wardlaw, J., concurring in part and dissenting in part). *See* Fed. R. Civ. P. 41(d) (2006). That phrase no longer exists in the current rule. *See* Fed. R. Civ. P. 41(d) advisory committee's note to 2007 amendment. More importantly, the argument begs the question: The rule gave courts the discretion to award *costs* that they "may deem proper." It does not follow that "costs" should be read to include fees.

Nor is it true that "Rule 41(d) would be rendered toothless if attorney's fees were excluded in all cases," and that only an expansive reading of the rule is consistent with the congressional policy of deterring vexatious litigation. *Moskowitz*, 37 F.4th at 551 (Wardlaw, J., concurring in part and dissenting in part). Rule 41(d) does appear to be aimed at deterring vexatious litigation, but "no legislation pursues its purposes at all costs," so "it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law." *Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987) (per curiam). It is perfectly reasonable to think that

permitting a district court to award (1) costs in the present case, (2) fees in the present case, and (3) costs in the previous case would be sufficient to deter vexatious litigation without also awarding fees in the previous case.

The court today does not reach BPI's alternative argument that "costs" should be read to include attorney's fees whenever there is a finding of bad faith or vexatious litigation, but that argument also lacks merit. It is true that federal courts have inherent authority to award attorney's fees when a party engages in bad faith or vexatious litigation. *See Alyeska Pipeline Serv. Co.*, 421 U.S. at 258–59. But, as BPI concedes, that inherent authority extends only to the case presently before the court, not to other cases before other courts. BPI says that recognizing an extension of this inherent authority to a prior case is permissible because "the present case and the prior case are effectively the same case." That is not true. The two cases may be related—indeed, so related that Congress thought it was appropriate to permit the district court overseeing the later case to require payment of costs generated in the first case. But they are in no sense the same case. If they were, Rule 41(d) would not be necessary because the court's inherent authority would do all the work.

The district court's award of fees did not distinguish between the fees attributable to the 2018 case and those attributable to the 2020 case. Because only the latter were properly awarded, I would vacate the district court's order and remand with instructions that it limit the fee award.